UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        vs.<br><br>ASHLEY CRYSTAL ROBLES,<br><br>                              Defendant. | CASE NO. 19cr4122<br><br>**ORDER GRANTING MOTION TO REDUCE SENTENCE PURSUANT TO FIRST STEP ACT, 18 U.S.C § 3582(c)(1)(A) [Dkt. 56]** |

In 2020, Ashley Crystal Robles pled guilty to one count of importation of 17.84 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. The Court imposed a total custodial sentence of 84 months, followed by five years of supervised release. Robles is scheduled to be released from Bureau of Prisons ("BOP") custody on September 5, 2025. She now asks the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), for a reduction of her sentence to time served. For the reasons discussed herein, her Motion to Reduce Sentence is **GRANTED**.

Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), it concludes that "extraordinary and compelling reasons" warrant a reduction. According to the Sentencing Commission's policy statement, there are four categories of extraordinary and compelling reasons, including if the defendant

is "suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)," "a serious physical or medical condition," or "a serious functional or cognitive impairment . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover." U.S.S.G. §§ 1B1.13, cmt.(1)(A). The Sentencing Commission also includes a catchall provision, which provides that there are extraordinary and compelling reasons if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13 cmt.(1)(D).

More recently, in *United States v. Aruda*, the Ninth Circuit determined that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d 797, 802 (9th Cir. 2021). The court in *Aruda* held that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)). It also noted, however, that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* at 802. In other words, absent an applicable policy statement, the Court has discretion to determine what constitutes an extraordinary and compelling reason to grant a defendant's motion for a reduction of his sentence. *Id.*

Robles urges the Court to modify her sentence to time served because she suffers from serious and possibly fatal medical conditions, and because potentially contracting COVID-19 in prison places her further at risk of severe illness or death. (Dkt. 56 at 1). The Government disagrees that these medical conditions are extraordinary and compelling, arguing primarily that Robles's

- 2 -

19cr4122

conditions are being properly managed by BOP and the expansion of vaccine access diminishes any risks she may face. (Dkt. 58 at 14–15).

The Government also insists, even in light of the Ninth Circuit's guidance in *Aruda*, that the Court use the Sentencing Commission's policy statement as a framework for its determination as to whether an inmate's reasons are sufficiently "extraordinary and compelling." (Dkt. 58 at 4–12). The Court agrees and does so here. Under U.S.S.G. §§ 1B1.13, cmt.(1)(A)(ii)(I), the Court finds that Robles's physical and medical conditions are sufficiently extraordinary and compelling reasons to warrant the modification of her sentence. Despite being only 33-years old, Robles suffers from multiple serious medical conditions and has had five strokes in just the last year and a half. (Dkt. 56 at 8). She suffers from arteriovenous malformations ("AVMs"), an incurable blood vessel condition in her lungs, causing her to undergo numerous surgeries to place metal coils in her AVMs to ensure they don't rupture. (Dkt. 60, Ex. A at 77–80). She has also been diagnosed with a patent foramen ovale ("PFO"), which is, in effect, a hole in her heart. (*Id.*). Due to the growth of the hole, Robles requires immediate open-heart surgery, which the BOP hasn't scheduled yet. (Dkt. 56 at 7). Robles has also been diagnosed with possible hereditary hemorrhagic telangiectasia ("HHT"), an incurable disorder which prevents some blood vessels from not developing properly and could possibly result in the space between her arteries and veins bursting, bleeding, and hemorrhaging, causing yet more strokes. (Dkt. 60, Ex. A at 77). Despite the occasional doctors' visits, which usually coincide with one of her strokes, it appears that Robles has not received the consistent care, monitoring, and treatment required for her conditions, including a much-needed heart surgery which has yet to even be scheduled. (Dkt. 56 at 12–13).

Robles's medical conditions, notably her heart conditions and her history of strokes, are known to increase her risk for severe COVID-19 infection. *See*

CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Jan. 26, 2022). Although she has received the first two doses of the Pfizer vaccine, her risk of experiencing severe illness from contracting COVID-19 and its new variants remains heightened given her already severely compromised health. *See* CDC, *What You Need to Know About Variants*, https://www.cdc.gov/coronavirus/2019-ncov/variants/about-variants.html (accessed Jan. 26, 2022) ("While vaccines reduce your risk of severe illness, hospitalization, and death from COVID-19, we don't yet know how effective they will be against new variants that may arise, including Omicron. . . . Some variants, such as the Alpha and Delta variants, may cause more severe illness and death."). This risk is heightened because FMC Carswell, where Robles is located and which has a total population of 1,296 inmates, currently has 295 confirmed active cases among inmates and 44 among staff. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp, (accessed Jan. 26, 2022).

Finally, the Court considers the 18 U.S.C. § 3553(a) factors, among which is the need to provide the defendant with medical care in the most effective manner. The Court has also considered the nature and circumstances of Robles's offense—a serious, albeit non-violent, crime—as well as the need to afford adequate deterrence, protect the public from further crimes, and provide just punishment for the offense. 18 U.S.C. § 3553(a). Given Robles's significant decline in health and inability to provide self-care in prison, her need for immediate medical attention, the marginal deterrent effect at this stage of the case, and the minimal threat Robles poses to the public, the Court finds that the § 3553(a) factors predominantly weigh in favor of reducing her sentence.

**IT IS ORDERED** that Robles's sentence be reduced to time served. Her previously ordered supervised release term of five years remains unchanged, as do the specific conditions of supervised release that the Court originally imposed, and Robles's term of supervised release begins as of the date of this Order.

**IT IS SO ORDERED**.

Dated: January 26, 2022

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge